IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTINA KELLEY                                              PLAINTIFF

v.                                           CAUSE NO. 1:13CV354-LG-JMR

WELLS FARGO, N.A.; MORRIS AND
ASSOCIATES; KENNETH BOURQUE;
ALICE BOURQUE; and JOHN AND
JANE DOES 1-100                                             DEFENDANTS

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [14] filed by the plaintiff Christina Kelley.  The defendant Wells Fargo, N.A., filed a response in opposition, and the defendants Alice Bourque, Kenneth Bourque, and Morris and Associates joined in the response.  Kelley also filed a reply supporting her request for remand. After reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Remand should be granted, because diversity of citizenship does not exist in this lawsuit.

## FACTS

Kelley originally filed the present lawsuit in the Circuit Court of the First Judicial District of Harrison County, Mississippi.  She alleges that Wells Fargo and Morris and Associates wrongfully foreclosed on her home after she was unable to make monthly mortgage payments.  She claims that Wells Fargo breached the terms of the Deed of Trust by failing to follow proper procedures before foreclosing on the property.  She has filed trespass and ejectment claims against the Bourques, who eventually purchased the home after the foreclosure sale.  Wells Fargo

removed the case to this Court, alleging that the Bourques were improperly joined for the purpose of defeating diversity jurisdiction.  Kelley has filed the present Motion to Remand.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states.  It is undisputed that the amount in controversy is satisfied in Kelley's lawsuit.  Wells Fargo is a resident of South Dakota, and Morris and Associates is a resident of Louisiana.  Kelley and the Bourques are residents of Mississippi.  As a result, the only issue before the Court is whether the Bourques are improperly joined.

There are two ways to establish improper joinder– "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).  When determining whether a plaintiff has established a cause of action against a non-diverse defendant, this Court must consider "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant . . . ." *Id.* at 308.

> To determine the validity of an improper joinder claim, we "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  In addition, we must resolve all ambiguities in the controlling state law in the plaintiff's favor.  We do not

> determine whether the plaintiff will actually or even probably
> prevail on the merits of the claim, but look only for a possibility
> that the plaintiff might do so.

*Id.* at 308-09 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).  "This means there must be a *reasonable* possibility of recovery, not merely a *theoretical* one."  *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)).  "The burden of persuasion on a party claiming improper joinder is a 'heavy one.'"  *Campbell*, 509 F.3d at 669.  To determine whether a plaintiff has a reasonable basis of recovery under state law, courts generally conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Kelley has asserted trespass and ejectment claims against the Bourques. "Liability for trespass requires proof of: (1) interference with the right of exclusive possession of one's land and (2) an invasion that is the 'direct result of some act committed by the defendant.'" *Gaw v. Seldon*, 85 So. 3d 312, 318 (¶23) (Miss. Ct. App. 2012) (citing *Thomas v. Harrah's Vicksburg Corp.*, 734 So. 2d 312, 315 (¶7) (Miss. Ct. App. 1999)).  Similarly, "[a] civil action seeking ejectment as relief may be maintained in all cases where the plaintiff is legally entitled to the possession of the land sued for and demanded."  Miss. Code. Ann. § 11-19-1.

The defendants first argue that Kelley has not stated a claim for either

trespass or ejectment against the Bourques, because Kelley admits that she defaulted on her mortgage.  Specifically, the defendants claim that Kelley would not have any right to possess the property or any right to title to the property due to her admitted failure to make all mortgage payments.  The defendants also point out that Kelley vacated the property prior to the foreclosure sale.  The defendants rely on *Patton v. American Home Mortgage Servicing, Inc.*, No. 1:11CV420-HSO-RHW, 2013 WL 1310560 (S.D. Miss. Mar. 28, 2013).  In *Patton*, the court held that a plaintiff did not have standing to pursue claims for wrongful foreclosure, because she "lost her interest in the [p]roperty upon her default and failure to cure."  *Id.* at *3.

The defendants' argument, if it were accepted by the Court, would lead to a determination that Kelley did not have standing to file claims arising out of the alleged foreclosure due to the loss of her possessory interest in the property upon default.  Therefore, this argument would apply equally to all of the defendants and would reach the merits of this lawsuit.  As a result, the Court cannot find that the Bourques are improperly joined on this basis.  *See Smallwood*, 385 F.3d at 574-75.

The defendants next argue that Kelley cannot recover on any ejectment or trespass claim, because the Bourques were bona fide purchasers for value.  A bona fide purchaser is "one who has in good faith paid valuable consideration *without notice of the adverse rights of another*."  *Amer. Pub. Fin., Inc. v. Smith*, 45 So. 3d 307, 311 (¶12) (Miss. Ct. App. 2010) (quoting *Giesbrecht v. Smith*, 397 So. 2d 73, 77

(Miss. 1981)) (emphasis in original).   The Mississippi Supreme Court has held:

> [E]very reasonable intendment should be made to support the titles of bona fide purchasers of real property, and that no equity can be any stronger than that of a purchaser who has put himself in peril by purchasing a title for a valuable consideration without notice of any defect in it.

*Collier v. Shell Oil Co.*, 534 So. 2d 1015 (Miss. 1988) (quoting *Giesbrecht*, 397 So. 2d at 77).

> A purchaser of land is charged with notice not only of every statement of fact made in the various conveyances constituting his chain of title, but he is also bound to take notice of and to fully explore and investigate all facts to which his attention may be directed by recitals in said conveyance contained.  The duty is also imposed on him to examine all deeds and conveyances previously executed and placed of record by his grantor – either immediately or remote – if such deeds or conveyances in any way affect his title.  And if in any such deed or conveyance there is contained any recital sufficient to put a reasonably prudent man on inquiry as to the sufficiency of the title, then he is charged with notice of all those facts which could and would be disclosed by a diligent and careful investigation.

*Amer. Pub. Fin.*, 45 So. 3d at 312 (¶12) (quoting *Simmons v. Miss. Transp. Comm'n*, 717 So. 2d 300, 303 (¶13) (Miss. 1998)) (emphasis omitted).

This Court is not capable of determining whether the Bourques were bona fide purchasers from the record before it.  The real estate documents do not in and of themselves reveal whether the Bourques had knowledge of the alleged problems with the foreclosure sale.   This Court cannot retain jurisdiction based on an assumption concerning the Bourques' knowledge.  Furthermore, the defendants' argument that Kelley failed to include allegations in her Complaint refuting a presumption that the Bourques were bona fide purchasers is likewise without

merit, since it would be unreasonable to require a plaintiff to respond to a defendant's potential affirmative defense in her complaint.  *See Jackson v. The Bank of N. Y. Mellon Trust Co., N.A.*, No. 1:13CV246-HSO-RHW at *8 (S.D. Miss. Oct. 25, 2013) (citing *Enter. Plumbing Co. v. Bailey Mortg. Co.*, 209 So. 2d 825, 830 (Miss. 1968)).

Finally, the defendants argue that Kelley does not have a claim against the Bourques, because they claim she elected to only seek monetary damages in the prayer for relief included in her Complaint.  However, the defendants overlook the fact that Kelley also seeks a final judgment adjudicating that she is the legal owner of the subject property.  (Compl. at 13 (¶75), ECF No. 1-2).  The fact that Kelley may only be entitled to one of the remedies sought in her Complaint does not absolutely foreclose her ability to recover on her claims against the Bourques.

## CONCLUSION

For the foregoing reasons, the defendants have failed to demonstrate that the Bourques are improperly joined as defendants to this lawsuit. As a result, this Court cannot exercise diversity jurisdiction over this lawsuit.  The merits of Plaintiff's claims will have to be adjudicated by a state tribunal.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Remand [14] filed by the plaintiff Christina Kelley is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 22nd day of November, 2013.

_s/ Louis Guirola, Jr._
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE